UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,       Case No. 10-20018-BC
                 Honorable Thomas L. Ludington
v.

CAROLYN RENEE MOORE, LEANA B.
MCGEE, and TIARA MICHELLE BASKIN,

    Defendants.
                 /

**OPINION AND ORDER GRANTING DEFENDANT MOORE'S MOTION IN LIMINE AND DENYING DEFENDANT BASKIN'S MOTION TO PRODUCE DOCUMENTS**

On January 13, 2010, a grand jury in the Eastern District of Michigan returned a 126-count indictment against Defendant Carolyn Renee Moore, alleging 65 counts of filing a tax return including fraudulent deductions in violation of 26 U.S.C. § 7206(2); 60 counts of transmitting a tax return with fraudulent deductions by wire in violation of 18 U.S.C. § 1343; and one count of conspiracy to transmit by wire a tax return with fraudulent deductions in violation of 18 U.S.C. § 1349.  On May 25, 2010, the grand jury returned a superseding indictment identifying three additional defendants, Tiara Michelle Baskin, Tawhona Latrice Hunt, and Leana B. McGee, and one additional count, conspiring to commit mail fraud in violation of 18 U.S.C. §§ 1341 and 1349.  The additional defendants were charged only in count 127 of the superseding indictment.  Defendant Moore was charged in each of the 127 counts.

On November 2, 2010, Defendant Baskin filed a motion seeking to be tried separately from Defendant Moore.  Defendant Baskin argued that the indictment misjoined defendants who did not participate in the same "act or transaction, or in the same series of acts or transactions, constituting an offense or offenses."  Fed. R. Crim. P. 8(b); *see also* Fed. R. Crim. P. 14(a) (permitting district

courts to sever defendant if joinder is prejudicial).  The Court granted the motion in part on March 2, 2011.  The Court concluded that the Defendants charged in count 127, which was primarily an insurance fraud conspiracy, had been misjoined with Defendant Moore as charged in counts 1 through 126, which were tax fraud counts.  *See* Fed. R. Crim. P. 8(b).  Defendant Moore later entered a guilty plea to counts 1 and 125.  Counts 2 through 124 and 126 were dismissed.  Defendant Hunt also entered a guilty plea to count 127.  Defendants Moore, McGee, and Baskin are scheduled to be tried on count 127 on August 16, 2011.

Currently pending are two motions in limine; one filed by Defendant Baskin and one filed by Defendant Moore.  Both motions arise from Defendant Baskin's desire to introduce evidence of Moore's past tax fraud at the insurance fraud trial.[1]  Although all the counts charging Moore with purely tax fraud schemes have been resolved or dismissed, both motions arise from Defendant Baskin's intention to present evidence of those alleged frauds—and apparently dozens of other uncharged tax frauds—at the August 16 insurance fraud trial.  Because the extent of Defendant Moore's past fraudulent conduct is of limited, if any, relevance to the offense charged in count 127, Fed. R. Evid. 401, and it is potentially highly prejudicial to Defendant Moore, Fed. R. Evid. 403 & 404(b), it will be excluded.  The probative value of Moore's earlier tax fraud "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, [and] by considerations of undue delay, waste of time, [and] needles presentation of cumulative evidence."  Fed. R. Evid. 403.  Accordingly, Defendant Moore's motion in limine [Dkt. # 88] will be granted and Defendant Baskin's motion for the production of documents [Dkt. # 90] will be denied.

---

[1] The charge is referred to as an insurance fraud charge for convenience.  The indictment alleges a conspiracy to commit mail fraud in violation of 18 U.S.C. §§ 1341 and 1349.  The alleged fraud scheme involved elements of insurance fraud and tax fraud.

A bit more background information may be helpful to understanding the current motions. In count 127 of the superseding indictment, Defendants Moore, McGee, and Baskin are charged with conspiring to commit mail fraud in violation of 18 U.S.C. §§ 1341 and 1349. The indictment further alleges that the Moore, McGee, and Baskin knowingly mailed bills for in home health care services to Progressive Insurance Company. The defendants billed Progressive for services that were allegedly provided to Moore by Baskin and McGee, even though neither Baskin nor McGee provided the services to Moore. The indictment further alleges that Moore would then share the proceeds of the scheme with Baskin and McGee. Finally, in order to maximize the benefit of their plan, Moore would prepare tax returns for Baskin and McGee with inflated deductions in order to minimize the tax implications of the 1099 forms they received from Progressive.

On February 9, 2011, while her motion to sever remained pending, Defendant Baskin also filed a motion in limine requesting that the Court exclude evidence concerning the tax returns filed by Baskin allegedly as part of the conspiracy to commit mail fraud charged in count 127. Defendant Baskin argued that the core of the alleged conspiracy was insurance fraud, and introducing evidence of the tax fraud would prejudice Baskin because it would more closely associate her with the tax fraud charged against Moore in counts 1 through 126. Moreover, the government can prove all the elements of the offense without introducing evidence of the alleged tax fraud. The Court denied the motion, concluding that the government was required to demonstrate a conspiracy, and the alleged agreement to commit tax fraud between Moore and Baskin could be part of that conspiracy.

Defendant Baskin continues to object to the admission of evidence concerning her allegedly fraudulent tax returns, but contends that if her returns are admitted so too should be the fraudulent returns Moore filed for all of her other clients. Defendant Moore has filed a motion to exclude that

-3-

evidence, and Defendant Baskin has filed a motion for the government to turn over even more tax-related evidence, including evidence related to nonparties and tax returns that were not part of the first 126 counts. Although the motions are distinct, both turn on whether Moore's earlier conduct—namely, filing other fraudulent tax returns—is relevant to the conspiracy charged in count 127.

Defendant Baskin argues that the other tax evidence is relevant because it demonstrates that Defendant Moore did not assist just Baskin and McGee with filing fraudulent tax returns, but with many other clients as well. Therefore, while the fraudulent returns filed on behalf of Baskin and McGee may appear to support the conspiracy theory when viewed in isolation, when viewed in context they are just like all the other returns Moore filed. According to Defendant Baskin, the preparation of false tax returns was "simply part of Ms. Moore's pattern."

The Government and Defendant Moore, by contrast, assert that the earlier tax evidence is not relevant to the conspiracy charged in count 127. Indeed, Defendant Moore agrees with Baskin that none of the tax evidence is relevant. According to Moore, the earlier tax returns have nothing to do with the mail fraud conspiracy charged in Count 127 and should be excluded from evidence at trial.

The other fraudulent tax returns, while not irrelevant, are not the smoking gun that Defendant Baskin suggests. The other fraudulent returns may tend to suggest that filing such returns was Moore's regular mode of operating, and that there was nothing unique about the fact that she filed false returns in this case. Nevertheless, the fact remains that, if the government's allegations are correct, she still filed false returns in this case to protect income that was fraudulently obtained in the first place. That Moore frequently filed fraudulent returns does not diminish the culpability of

-4-

Baskin's and McGee's conduct, provided the government can demonstrate they knew the returns Moore filed were fraudulent.

Moreover, while the probative value of the evidence is limited, the potential for unfair prejudice, confusion of the issues, misleading the jury, and needlessly wasting time with marginally relevant evidence is extremely high. First, the evidence is inadmissible against Moore to demonstrate conduct in conformity therewith. Fed. R. Evid. 404(b). That is, the fraudulent tax returns she filed on behalf of other clients are inadmissible to demonstrate that she filed fraudulent tax returns on behalf of Baskins and McGee. Thus, a limiting instruction would be required. A limiting instruction concerning such a large volume of evidence is likely to be confusing, and an ineffective safeguard for Moore.

Second, the evidence would confuse the issues and potentially mislead the jury. Defendant Baskin has proposed calling dozens of witnesses and consuming several days of proofs with evidence of Moore's earlier fraudulent activity. The core proofs related to count 127, by contrast, are likely to take only a few days with a limited number of witnesses. The disparity is likely to mislead the jury. Similarly, the volume of the evidence that Baskin has proposed introducing would cause undue delay and needlessly waste time because of its limited probative value. Baskin has not demonstrated that it is necessary to spend a majority of the trial time on a peripheral issue. Accordingly, evidence related to past fraudulent activity on the part of Moore may not be admitted into evidence, even though it may be marginally relevant, because its limited probative value is substantially outweighed by "the danger of unfair prejudice, confusion of the issues, misleading the jury, [and] by considerations of undue delay, waste of time, [and] needles presentation of cumulative evidence."

Fed. R. Evid. 403.[2]

Finally, Defendant Baskin contends that her constitutional right to present a complete defense will be violated if the Court excludes evidence of Moore's earlier fraudulent activities. *See Holmes v. South Carolina*, 547 U.S. 319, 324 (2006). In *Holmes*, the Supreme Court concluded that states may not use arbitrary rules of evidence to exclude evidence that casts suspicion on a third-party or raises a conjecture that a person other than Defendant committed the charged offense. *Id.* 323–25. The rule in this case is not arbitrary: Rule 403 serves an important purpose and grants trial judges discretion to exclude relevant evidence if the dangers associated with admitting it are high. Moreover, the evidence Defendant Baskin seeks to present does not suggest that another person committed the crime or that Baskin was unaware of what Moore was doing. The constitutional guarantees of due process and the right to confrontation are not implicated.

Accordingly, it is **ORDERED** that Defendant Moore's motion in limine [Dkt. # 88] is **GRANTED**. Evidence of Moore's earlier fraudulent tax activities is excluded and may not be introduced as evidence at trial.

It is further **ORDERED** that Defendant Baskin's motion for production of additional evidence [Dkt. # 90] is **DENIED**. Defendant has not demonstrated that an order requiring production or admission of the additional evidence is warranted.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

---

[2] The evidence is similarly inadmissible under Rule 406 as habit evidence. One cannot have a habit of filing false tax returns any more than one can have a habit of selling narcotics or committing assaults. In order to be admissible under Rule 406, the evidence must demonstrate a very specific and precise response to a particular stimulus. There is no such evidence here.

Dated: August 10, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 10, 2011.

                                 s/Tracy A. Jacobs
                                 TRACY A. JACOBS

---